IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA BULLOCKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2049 |
| | § | |
| OFFICE OF HARRIS COUNTY | § | |
| CONSTABLE, PRECINCT 6, HARRIS | § | |
| COUNTY, and CONSTABLE VICTOR | § | |
| TREVINO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending in this Title VII discrimination case is Defendants Harris County's and Constable Victor Trevino's Motion for Summary Judgment (Document No. 20). Based on the motion, response, reply, and applicable law, the Court concludes that the motion should be granted.

I. Background

In March 2007, Harris County Precinct 6 ("Precinct 6") hired Plaintiff Lisa Bullocks ("Bullocks") as a part-time deputy, working in patrol.[1] In October 2009, Plaintiff was promoted to full-time

---

[1] Document No. 20-2 at 1 of 3 (Berry Aff.). Plaintiff previously served as a reserve deputy constable from April 2004 until February 2005, when she was promoted to full-time deputy and assigned as a truancy officer at Community Education Partners ("CEP"). Id. After CEP requested that Plaintiff be removed because of the way she spoke to parents and students, Precinct 6

deputy, and she continued to work in patrol and also was assigned to security contracts first with Baker Oil Tools and then East End Improvement Corporation ("EEIC").[2] Plaintiff was next transferred to a building security position at the Houston Housing Authority.[3] Plaintiff was fired in May 2010 after the Senior Vice President of Houston Housing Authority requested that Constable Trevino remove Plaintiff from the contract because of complaints about her behavior.[4] Plaintiff, a black woman, brought this suit alleging discrimination on the basis of race and sex, and claiming that her termination was in retaliation for her opposition to what she believed was illegal conduct by Precinct 6 officers when they searched a residence.[5]

---

removed her and changed her appointment from full-time deputy to unpaid reserve deputy. As a reserve deputy, she worked in patrol part-time from September 2005 to March 2007. Id.

   [2] Id.

   [3] Id.

   [4] Document No. 20-1 at 47 of 48.

   [5] Document No. 23. In response to summary judgment, Plaintiff also alleges that she stated a claim under 42 U.S.C. § 1983. Document No. 24 at 22-25. Section 1983 does not create substantive rights but is merely a procedural rule that provides a private cause of action for redressing a violation of federal law or "vindicating federal rights elsewhere conferred." Albright v. Oliver, 114 S. Ct. 807, 811 (1994) (quoting Baker v. McCollan, 99 S. Ct. 2689, 2694 n.3 (1979)). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." Johnston v. Harris Cty. Flood Control Dist., 869 F.2d 1565, 1574 (5th Cir. 1989). To state a viable claim under § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that

2

## II. Discussion

### A. Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

---

the alleged deprivation was committed by a person acting under color of state law." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). Plaintiff has not alleged constitutional claims and the only statutory claims alleged are race and sex discrimination under Title VII. Plaintiff, therefore, has not pled a separate § 1983 claim upon which relief can be granted.

3

admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B.  Constable Victor Trevino

Plaintiff filed suit against both Harris County and Constable Victor Trevino on her Title VII claims. Title VII holds "an employer" liable for various discriminatory actions. See 42 U.S.C.

§2000e-2(a). Employees, even supervisors or agents of the employer, cannot be held liable for acts done in their individual capacities. Thomas v. Choctaw Mgmt./Servs. Enter., 313 F.3d 910, 911 (5th Cir. 2002); see also Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) ("[T]he law affords [the plaintiff] no Title VII claim against a company employee."); Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) ("[O]ur cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity."). Moreover, claims against an employee in his official capacity[6] are "redundant" when the employer is a named defendant in the suit because the employer "would bear responsibility for the liability of either party through Title VII's incorporation of the principle of vicarious liability." Indest, 164 F.3d at 262; accord Kentucky v. Graham, 105 S. Ct. 3099, 3105 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Monell v. N.Y. City Dep't of Soc. Servs., 98 S. Ct. 2018, 2035 n.55 (1978))). Thus, "a party may not maintain a suit against both an employer and its agent under Title VII." Indest, 164 F.3d at 262. The correct party employer here is Harris County. All claims against Constable Victor Trevino are therefore dismissed.

---

[6] Although Plaintiff's complaint does not make clear whether she is suing Constable Trevino in his individual or official capacity, both fail as a matter of law.

C.  <u>Analysis of Title VII Claims Against Harris County</u>

Plaintiff filed an EEOC charge on November 9, 2010, marking the boxes for race and sex discrimination and retaliation.[7] Her EEOC charge states as follows:

> I.  I was hired as a Reserve Deputy on or about April 2004. In February, 2005, I was promoted to full-time. Throughout my employment, I was given assignments that non-Blacks did not want. On several occasions I complained about this, but to no avail. I also reported unethical practices within the department. In about February, 2010, I applied for an opportunity within the Water Rescue Department. It was denied. I have been retaliated against since November 2009 when I spoke to Constable Trevino, Hispanic, male, about the unfair treatment I had been receiving. As a result of this, I have been retaliated against. On May 26th, 2010, I was fired.
>
> II. I learned via certified letter that I was terminated effective May 26, 2010 because of my performance history. I am aware of non-Blacks that have been accused of the same thing(s) and they were not terminated.
>
> III.  I believe that I've been retaliated and discriminated against because of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.[8]

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." <u>Taylor v. Books A</u>

---

[7] Document No. 20-19 at 1.

[8] <u>Id.</u>

Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied* 123 S. Ct. 1287 (2003). "One of the central purposes of the employment discrimination charge is to put employers on notice of the 'existence and nature of the charges against them.'" Manning v. Chevron Chem. Corp., 332 F.3d 874, 878 (5th Cir. 2003) (quoting Equal Emp't Opportunity Comm'n v. Shell Oil Co., 104 S. Ct. 1621, 1635 (1984)). In Texas, a charge of Title VII discrimination must be filed within 300 days after the unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2070 (2002); Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998). In analyzing this requirement, the Supreme Court has held that:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [Plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.

Morgan, 122 S. Ct. at 2073.

Because Plaintiff's EEOC charge was filed on November 9, 2010, she may bring suit only on discriminatory conduct that occurred within 300 days before that date, that is, within the 300 days period beginning on January 13, 2010. Claims of discriminatory conduct occurring before January 13, 2010, are time barred.

7

Within this relevant 300-day period of time, Plaintiff's only claims of specific discrimination found both in Plaintiff's EEOC charge and in her complaint are Defendant's alleged refusal to allow Plaintiff to join the water rescue team and Plaintiff's discharge from Precinct 6.[9] Plaintiff's response to summary judgment argues that her discharge was based on retaliation, and she presents no summary judgment evidence and makes no argument that her discharge arose out of race or sex discrimination. Thus, Plaintiff's claims of race and sex discrimination within the 300-days period depend entirely on her not being allowed to join the water rescue team.

The uncontroverted summary judgment evidence shows that members of the water rescue team "do not receive any extra compensation or benefits for being on the team" and "[t]eam members

---

[9] Plaintiff's complaint also alleges that Defendants refused to allow her to attend a training session at Rice University in 2010. Document No. 23 at 3-4. This allegation was not a subject of or mentioned in the EEOC charge, nor was there any mention of failure to train, failure to promote based on lack of training, or any other facts that would make it reasonable to expect an investigation of this claim based on Plaintiff's charge. See Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993). Moreover, aside from stating that she was forced to cancel her scheduled training twice because her supervisor told her that nobody was available to cover for her while she attended the training, Plaintiff does not identify facts to establish that she was treated differently from other employees with regard to training--in fact, she identifies no comparitors whatever--or that it prevented her from applying for or obtaining a promotion. She therefore fails to establish a prima facie case for discrimination because she has not shown that any failure to train constituted an adverse employment action or that it was based in any way on Plaintiff's race or sex.

spend the vast majority of their working time on their regularly-assigned duties, not on emergency activations."[10] This is because the water rescue team is activated only when serious floods occur and there is a need to rescue people stranded in high water. Thus, there is no summary judgment evidence that one's not being chosen for assignment to the water rescue team--which is simply an added task without any additional pay or benefits--would constitute an adverse employment event. Plaintiff therefore fails to establish a prima facie case of race or sex discrimination. See Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 456 n.2 ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.") (quoting McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007)).

Termination of one's employment, on the other hand, does constitute an adverse employment action. Plaintiff alleges that she was terminated in May, 2010, in retaliation for her having opposed other deputy constables' conduct of an allegedly illegal search of a residence in March 2010.[11] Title VII proscribes an employer from discriminating against an individual "because he has opposed any practice made an unlawful employment practice *by this*

---

[10] Document No. 20-10 at 1-2. The water rescue team is responsible for rescuing people stranded in high water during flooding events. Id.

[11] Document No. 23 at 5; Document No. 24 at 15-22.

9

*subchapter.*" 42 U.S.C. § 2000e-3(a) (emphasis added).[12] Plaintiff neither alleges nor establishes a prima facie claim that her discharge was in retaliation for her having opposed any discrimination in Precinct 6 based on race, color, sex, religion, or national origin.[13] To the contrary, she contends that she was discharged in retaliation for her having voiced her opposition to other officers' conducting what she believed was an illegal search of a citizen's residence. *See* Brown v. United Parcel Serv., Inc., 406 F. App'x 837, 840 (5th Cir. 2010) (unpublished op.) ("Title VII does not protect opposition to all forms of unscrupulous conduct. . . . Instead, Title VII protects only opposition to discrimination based on 'race, color, religion, sex, or national origin.'"); *see also* Arora v. Starwood Hotels & Resorts, 294 F. App'x 159, 162 (5th

---

[12] The statute also prohibits discrimination against an employee who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. Id.; *see also* Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1135 (5th Cir. 1981), *cert. denied* 102 S. Ct. 1630 (1982) (noting the distinction between the opposition clause and the participation clause). Plaintiff does not allege anything that would invoke the participation clause, so only the opposition clause is relevant for this analysis. Plaintiff did not complain of race and/or sex discrimination either with the department or with the EEOC until November 9, 2010, well after Plaintiff was terminated. Document No. 20-19 at 1.

[13] The framework set out in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973) applies to a retaliation claim under 42 U.S.C. § 2000e-3(a) just as it would to other Title VII discrimination claims. McMillan v. Rust College, Inc., 710 F.2d 1112, 1116 (5th Cir. 1983). A prima facie claim for retaliation requires proof that plaintiff engaged in activity protected by Title VII. Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002).

Cir. 2008) (unpublished op.); <u>Grey v. Dallas Independent Sch. Dist.</u>, 265 F. App'x 342, 346-47 (5th Cir. 2008) (unpublished op.), *cert. denied*, 129 S. Ct. 222 (2008). Plaintiff has therefore not raised a genuine issue of fact on her Title VII retaliation claim. For the foregoing reasons, it is

ORDERED that Defendants Harris County's and Constable Victor Trevino's Motion for Summary Judgment (Document No. 20) is GRANTED, and Plaintiff Lisa Bullocks's claims are DISMISSED WITH PREJUDICE.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 24TH day of September, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

11